**UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DANIEL THOMAS O'DELL, | § | |
| Appellant | § | |
| v. | § | Civil Action No. SA-6-CA-881-RF |
| TRUSTEE MARION A. OLSON, JR., | § | |
| Appellee | § | 07-5015 |

FILED JAN 3 1 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

FILED FEB 0 5 2007
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

# MEMORANDUM DECISION

Before the Court is Appellant Daniel Thomas O'Dell's Appeal Briefs (Docket Entries ## 4, 5, 9), Appellee Trustee Marion A. Olson, Jr.'s Motions to Strike Brief (Docket Entry # 6) and Dismiss Appeal (Docket Entries ## 7, 10), and Appellant's "Counter Suit[s]" against the Trustee's counsel Clemens & Spencer (Docket Entry # 12) and the Blanco Church of Christ (Docket Entry # 13).

Appellee Olson was appointed trustee in Appellant O'Dell's Chapter 13 bankruptcy proceeding. On August 17, 2006, the bankruptcy court entered its Order Confirming O'Dell's Chapter 13 Plan, and those bankruptcy proceedings are pending. O'Dell's Appeal Briefs, though not models of clarity, apparently challenge the claims of creditors in the Chapter 13 proceedings and in particular the claim of Blanco National Bank.

Trustee Olson moves that the appeal be dismissed contending: because the bankruptcy court entered the Chapter 13 Plan on O'Dell's motion and O'Dell had no objection to the Plan, O'Dell is a prevailing party and has no standing to appeal the confirmation; and O'Dell's challenge to creditor's claims is premature because the deadline for challenging such claims has not expired.

A party who is not aggrieved by an order has no standing to appeal it, and thus a prevailing party generally may not appeal a decision in its favor. *See Matter of Sims*, 994 F. 2d 210, 214 (5th Cir.1993) ("a party cannot appeal from a judgment unless 'aggrieved' by it"); *Lindheimer v. Illinois Bell Tel. Co.*, 292 U.S. 151, 176, 54 S. Ct. 658, 78 L. Ed. 1182 (1934) (a party "has no right of appeal from [a] decree in its favor"). Therefore O'Dell has no standing to challenge the bankruptcy court's confirmation of the Chapter 13 Plan. Furthermore, because the deadline for challenging creditor's claims has not expired and the bankruptcy court has not ruled on the creditors' claims, O'Dell's challenge to the creditors' claims is premature and the record is not adequate for this Court to even address this issue. *See Butler v. Merchants Bank & Trust Co.*, 2 F. 3d 154, 155 (5th Cir. 1993) (appeal of matters pending in court below was premature and appeal court was without jurisdiction); *Walter Fuller Aircraft Sales, Inc. v. Republic of the Phillipines*, 965 F. 2d 1375, 1379 (5th Cir. 1992) (same). O'Dell may object to any claim in the Chapter 13 bankruptcy proceeding by filing an objection to the claim in the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 3007, 11 U.S.C. § 502, and the bankruptcy court's Order Confirming Chapter 13 Plan. (*See* Docket Entry # 20.)

O'Dell's "counter suit" against the Trustee's counsel Clemens & Spencer alleges "court manipulation and childish company." O'Dell's "counter suit" against the Blanco Church of Christ alleges the Church conspired with Blanco National Bank. Neither Clemens & Spencer nor Blanco Church of Christ are parties to the bankruptcy proceeding and therefore are not subject to this Court's appellate jurisdiction. *See Dennis v. Comn'r of Internal Revenue*, 473 F. 2d 274, 282 (5th Cir. 1973) (appellate court does not have original jurisdiction to review factual matters not raised in the tribunal below). Furthermore, O'Dell failed to state a basis for this Court's jurisdiction or a

comprehensible federal claim against Clemens & Spencer or the Blanco Church of Christ. *See* Fed. R. Civ. P. 12(b)(1) & (6).

Accordingly, Appellee Olson's Motions to Dismiss Appeal (Docket Entries ##7,10) are **GRANTED** and Appellant O'Dell's appeal is **DISMISSED** for lack of jurisdiction. This dismissal is without prejudice to O'Dell's right to challenge the creditors' claims in the still pending bankruptcy proceedings. All other pending motions and/or petitions in this matter are **DENIED** as moot.

DATED: *January 31st*, 2007

*Royal Furgeson*
ROYAL FURGESON
United States District Judge